**51**

## FINAL JUDGMENT AND DECREE

**UNITED STATES of America ex rel. Stanley HOSS**

v.

**Julius T. CUYLER et al.**

**Civ. A. No. 74–2148.**

United States District Court,
E. D. Pennsylvania.

Aug. 2, 1978.

See also, D.C., 452 F.Supp. 256.

James A. Backstrom, Jr., Roy G. Rifkin, H. Vincent McKnight, Jr., Indigent Prisoner Litigation Program, Philadelphia, Pa., for plaintiff.

Maria P. Vickers, Asst. Atty. Gen., Philadelphia, Pa., for defendants (in their official capacity).

Joseph Goldberg, Philadelphia, Pa., for defendants (in their unofficial capacity).

LUONGO, District Judge.

This 2nd day of August, 1978, upon consideration of the submissions of counsel pursuant to this Court's Order of May 1, 1978, it is ORDERED, ADJUDGED and DECREED that the following criteria are approved for use by officials of the State Correctional Institution at Graterford with respect to inmates in administrative segregation for security purposes in determining whether continued segregated confinement of an inmate as a security risk is warranted:

I. *Conduct Record*

A. *Misconducts*

The Program Review Committee may consider the following factors relating to misconducts committed by an inmate while in administrative segregation in determining whether continued administrative confinement of the inmate as a security risk is warranted:

1. Nature and seriousness of the misconducts—whether they reflect instability and inability to adjust to institutional living, lack of self-control, inability to cope with stressful situations in appropriate ways, or potential dangerousness to others.

2. Recentness of the misconducts.

3. Frequency of misconducts—whether they disclose a pattern of offensive behavior.

B. *General behavioral pattern apart from misconducts*

The Program Review Committee may consider:

1. Behavior over an extended period of time to ascertain a picture of the lifestyle of the individual, with an eye toward patterns incompatible with the peaceful, stable, and safe operation of the institution.

2. Behavior exhibited and attitudes expressed since the previous review to determine any positive or negative

changes that are relevant to the need for continued segregation.

## II. *Psychiatric and Psychological Reports*

Although behavioral prediction cannot be precise, psychological and psychiatric reports may indicate certain features of personality which relate to security issues. The Committee may focus on—

1. Violence, aggressiveness, assaultiveness—whether the reports specifically indicate that the inmate presents a greater tendency to manifest such traits under stressful situations than inmates permitted to remain in general population or "B" Gallery.

2. Escape—whether the reports specifically indicate that the inmate presents a greater tendency to use physical flight to avoid stressful situations than inmates permitted to remain in general population or "B" Gallery.

3. Other behavioral dispositions—whether the reports indicate the likelihood of other specified behavioral characteristics of the inmate which counsel in favor of continued segregation.

## III. *Program Participation*

Recognizing the inmate's right to refuse program participation other than work assignment and further recognizing the limits of participation inherent in close or maximum custody, certain aspects of programming should be considered:

1. The inmate's expressed interest in programs—this may indicate positive desire for growth.

2. If there is program participation, an evaluation of the inmate's attitudes and efforts—this may provide further behavioral clues in a positive direction.

## IV. *Impact of Release on the General Institutional Environment*

The Program Review Committee may consider the effect of release of the inmate on the institutional environment. If considered, the effect should be evaluated in light of the following considerations, each of which requires specific factual support:

1. Specified reasons to believe that placement in population would result in an adverse effect on institutional stability by causing tension and disruption—in particular, the Program Review Committee may take into account specified reasons to believe that the inmate, singly or in concert with others, would engage in disruptive behavior; this may include consideration of whether the inmate would assume or continue leadership of other inmates engaged in disruption or would tend to follow or respond to the leadership of other disruptive inmates.

2. Specified reasons to believe that the inmate would attempt to escape if placed in a less restrictive environment.

## V. *Special Considerations*

The Program Review Committee may consider certain factors unique to the inmate, including:

1. The expressed desire of the inmate to remain confined to restricted housing and his reasons for so desiring.

2. Specified reasons to believe that the inmate would be dangerous to himself if placed in a less restrictive environment.

3. Specified reasons to believe that release of the inmate would endanger his own safety and welfare, but only if it is sufficiently shown that alternate means of protecting the inmate, such as relocation of persons in the institution who are a threat to him, are unavailable.

4. Specified reasons to believe that release of the inmate would endanger the safety and welfare of particular persons in the institution who cannot be protected by measures other than continued segregation of the inmate.

The need for continued administrative confinement of Stanley B. Hoss shall be evaluated periodically pursuant to the procedures specified in Administrative Directive No. 801, and these criteria shall be applied at those evaluations. A decision to continue administrative confinement must be supported by specific evidence demonstrating applicability of some or all of the

approved criteria to Hoss' situation and a statement of reasons why the applicable criteria require continued segregation of Hoss. Information about the confinement decision shall be furnished to Hoss pursuant to the order of this Court dated May 1, 1978. Unless the Committee finds, on the basis of specific evidence, that some or all of these criteria require that Hoss' confinement be continued until the next periodic review, Hoss shall be released from segregated confinement in the Behavior Adjustment Unit.

This Decree, together with the Judgments entered in the Interlocutory Judgment and Decree filed May 1, 1978, shall constitute the Final Judgment and Decree in this case.